

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00301-CV
_____

IN RE Z.A.M.-L., A CHILD

On Appeal from the 31st District Court
Wheeler County, Texas
Trial Court No. 13,710; Honorable Jack Graham, Presiding

January 13, 2020

MEMORANDUM OPINION

Before PIRTLE, PARKER, and DOSS, JJ.

Appellant, V.M., challenges the trial court's order terminating her parental rights to her son, Z.A.M.-L.[1]  In presenting this appeal, appointed counsel has filed an *Anders*[2] brief in support of a motion to withdraw.  We affirm but defer ruling on counsel's motion to withdraw.

---

[1] To protect the privacy of the parent and her child, we refer to them by their initials.  *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2019).  *See also* TEX. R. APP. P. 9.8(b).

[2] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

**BACKGROUND**

On May 6, 2018, just after 3:00 a.m., patrol deputies with the Wheeler County Sheriff's Office were dispatched to a possible accident in a ditch on the service road of an interstate. When they arrived, they observed an unattended vehicle parked in the ditch with the headlights and engine still operating. The vehicle did not appear to have been in an accident. One of the deputies approached the vehicle and saw an infant in the back seat. No adults were nearby.

The deputy called for an ambulance and the infant, approximately six months old, was transported to a local hospital for an examination. The Texas Department of Family and Protective Services was advised that the infant had been abandoned. He was placed in a foster home in Lubbock.

During trial, one of the deputies described the inside of the vehicle as having lots of clothes and trash strewn about. When asked if it looked as if someone had been living and sleeping in the vehicle, he answered "[y]es." The deputy found identification belonging to V.M. on the floorboard of the vehicle. Several hours later, deputies located V.M. five miles away in a disoriented state. She said she had been in California visiting her aunt and believed that her child was still there with that aunt. She told the deputy she was traveling to Mississippi to make a fresh start. Body cam and in-car videos from the encounter with V.M. were introduced into evidence and showed her in a confused state still believing that her child was in California and unsure of her own whereabouts.

V.M. was arrested for abandoning or endangering a child and transported to jail. During the drive to the jail, the in-car video captured V.M. admitting to taking a "party favor"—a blue pill to help keep her awake on her long journey. V.M. spent three months

in the Wheeler County Jail and, pursuant to a guilty plea, she was subsequently convicted of child endangerment under section 22.041 of the Texas Penal Code. TEX. PENAL CODE ANN. § 22.041 (West 2019). Her ten-year sentence was suspended in favor of four years community supervision.

Following her release from jail, V.M.'s family provided her with a bus ticket and she returned to California without seeing her child. Her community supervision was transferred to California. She began family reunification services in California and had difficulty complying with the requirements of her Texas family service plan. She completed some, but not all, of the required services.

At the time of the final hearing, V.M. was residing with a friend and the friend's daughter in California. A California caseworker reported the home as suitable for V.M.'s child. V.M. had stable employment but then suffered a workplace injury. When she was released to return to work by a doctor, V.M.'s employer was contemplating her employment status. She later filed for unemployment benefits.

The caseworker testified that V.M.'s child was doing well in his foster home. It was a safe, stable, and permanent home. The foster mother intervened in the underlying case and testified that she desired to adopt the child. She is a speech language pathologist and is employed by Lubbock Independent School District. At the time of trial, the child had been under her care for fifteen months. When he was first placed in her care, she had him examined by a pediatrician who diagnosed him with bed bug bites and penile adhesions. Furthermore, a hair follicle test taken shortly after he was removed from V.M.'s care showed positive results for methamphetamines.

During her testimony, V.M. was asked about being under the influence of "party favor drugs" when she abandoned her child. She confirmed that she was under the influence and she agreed that her conduct had placed her child in danger. She also admitted to using methamphetamines two days before visiting her child in October 2018, a violation of the conditions of her community supervision.

V.M. visited her child on the few occasions when she returned to Texas for hearings and she tried to have video visits on a monthly basis. She acknowledged that she had not provided any financial support during the pendency of the case. V.M. also admitted to a prior conviction in 2012 for marihuana and for contributing to the delinquency of a minor. Finally, V.M. admitted that not all of the requirements of her family service plan had been completed.

Based on the Department's case, the trial court found clear and convincing evidence to support termination of V.M.'s parental rights on the following statutory grounds:

> (D) knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger[ed] the physical or emotional well-being of the child;
>
> (E) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endanger[ed] the physical or emotional well-being of the child;
>
> (F) failed to support the child in accordance with the parent's ability during a period of one year ending within six months of the date of the filing of the petition;
>
> (L) been convicted or has been placed on community supervision . . . for being criminally responsible for the death or serious injury of a child under the following sections . . .
>
> > (x) section 22.041 (abandoning or endangering a child); and

(O) failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the [Department] for not less than nine months as a result of the child's removal from the parent under chapter 262 for the abuse or neglect of the child.

*See* Tex. Fam. Code Ann. § 161.001(b)(1) (West Supp. 2019). The trial court also found that termination was in the child's best interest. *Id.* at § 161.001(b)(2).

### APPLICABLE LAW

The Texas Family Code permits a court to terminate the parent-child relationship if the Department establishes one or more acts or omissions enumerated under section 161.001(b)(1) and termination of that relationship is in the child's best interest. *Id.* at § 161.001(b)(1), (2). *See Holley v. Adams*, 544 S.W.2d 367, 370 (Tex. 1976). The burden of proof is clear and convincing evidence. Tex. Fam. Code Ann. § 161.206(a) (West Supp. 2019). "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *Id.* at § 101.007.

Only one statutory ground is needed to support termination though the trial court must also find that termination is in a child's best interest. *In re K.C.B.*, 280 S.W.3d 888, 894-95 (Tex. App.—Amarillo 2009, pet. denied). In reviewing a termination proceeding, the standard for sufficiency of the evidence is that discussed in *In re K.M.L.*, 443 S.W.3d 101, 112-13 (Tex. 2014). In reviewing a best interest finding, appellate courts consider, among other evidence, the factors set forth in *Holley*, 544 S.W.2d at 371-72.

Pursuant to *In re N.G.*, 577 S.W.3d 230, 235-36 (Tex. 2019), this court must also review the trial court's findings under section 161.001(b)(1)(D) or (E) to determine if either

finding is supported by clear and convincing evidence even when another ground for termination is sufficient because of the potential consequences for future terminations under subsection (M). *Id.* at 234. Subsection (M) provides for termination of parental rights to another child if the parent has previously had parental rights terminated based on a finding that the parent's conduct violated subsection (D) or (E). *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(M) (West Supp. 2019). An appellate court denies a parent a "meaningful appeal and eliminates the parent's only chance for review of a finding that will be binding as to parental rights to other children" if that court does not review a termination based upon either of those grounds. *In re N.G.*, 577 S.W.3d at 235 (citing *In re S.K.A.*, 236 S.W.3d 875, 890 (Tex. App.—Texarkana 2007, pet. denied)).[3]

Section 161.001(b)(1)(D) requires a showing that the environment in which the child was placed posed a danger to the child's physical or emotional health. It also permits termination based on a single act or omission by the parent. *In re J.A.S.*, No. 07-12-00150-CV, 2012 Tex. App. LEXIS 8087, at *14 (Tex. App.—Amarillo Sept. 25, 2012, no pet.) (mem. op.). V.M.'s conduct in abandoning her infant in the middle of the night in a running vehicle on the side of an interstate unquestionably posed a great danger to her child.

### ANDERS V. CALIFORNIA

The procedures set forth in *Anders v. California*, pertaining to a non-meritorious appeal of a criminal conviction, are applicable to the appeal of an order terminating parental rights. *See In re A.W.T.*, 61 S.W.3d 87, 88 (Tex. App.—Amarillo 2001, no pet.).

---

[3] *But see In re E.K.*, 10-19-00070-CV, 2019 Tex. App. LEXIS 6580, at *6 n.4 (Tex. App.—Waco July 31, 2019, pet. filed) (Gray, C.J. concurring) (mem. op.) (declining to impose the holding in *In re N.G.* to an *Anders* termination a ppeal "until the Supreme Court of Texas makes it clear the *N.G.* applies to this type of appeal").

The brief filed in this appeal meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for reversal of the trial court's termination order.

In support of her motion to withdraw, counsel certifies she has conducted a conscientious examination of the record, and in her opinion, the record reflects no potentially plausible basis to support an appeal. *In re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998). Counsel has demonstrated that she has complied with the requirements of *Anders* by (1) providing a copy of the brief to V.M. and (2) notifying V.M. of her right to file a *pro se* response if she desired to do so. *Id.* By letter, this court also granted V.M. an opportunity to exercise her right to file a response to counsel's brief, should she be so inclined. V.M. did not file a response and the Department notified this court it would not file a response unless specifically requested to do so. No such request was made.[4]

### ANALYSIS

By the *Anders* brief, counsel raises potential issues on the factual sufficiency of the evidence to support the termination order and on the law regarding the grounds for termination. In her evaluation, she then concludes the evidence is legally and factually sufficient to support termination of V.M.'s parental rights.[5]

---

[4] S.G., intervenor in the termination proceedings, filed a response reserving full briefing until after V.M. filed a *pro se* response.

[5] We note that contrary to an *Anders* appeal, counsel argues the trial court erred in finding that termination was based on section 161.001(b)(1)(L)(x) (being criminally responsible for the death or serious bodily injury of a child pursuant to section 22.041 of the Texas Penal Code). While potentially meritorious on its own, our disposition renders the argument moot.

As in a criminal case, we have independently examined the entire record to determine whether there are any non-frivolous issues that might support a reversal on appeal. *See Penson v. Ohio*, 488 U.S. 75, 82-83, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Our independent review supports termination under subsection (D). *See In re N.G.*, 577 S.W.3d at 235-36. Based on this record, we conclude that a reasonable fact finder could have formed a firm belief or conviction that grounds for termination existed and that termination of V.M.'s parental rights was in the child's best interest. *See* TEX. FAM. CODE ANN. § 161.001(b)(1), (2) (West Supp. 2019). *See also Gainous v. State*, 436 S.W.2d 137-38 (Tex. Crim. App. 1969). Having reviewed the entire record, we agree with counsel that there are no plausible grounds for reversal on appeal.

## CONCLUSION

We affirm the trial court's order terminating V.M.'s parental rights.[6]

Patrick A. Pirtle
Justice

---

[6] An *Anders* motion to withdraw filed in the court of appeals, in the absence of additional grounds for withdrawal, may be premature. *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam). Courts have a duty to see that withdrawal of counsel will not result in prejudice to the client. *Id.* In light of *In re P.M.*, we call counsel's attention to the continuing duty of representation through the exhaustion of proceedings, which may include the filing of a petition for review in the Texas Supreme Court. Counsel has filed a motion to withdraw on which we take no action.